José Sánchez Falconi, etc., Plaintiff and Appellee, *v.* Félix López Alvarez, Defendant and Appellant.

No. 6348. Argued June 14, 1934.—Decided November 23, 1934.

*J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier* for appellant. *Luis Mercader* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

José Sánchez Falconi, sixteen years of age, brought suit by his guardian *ad litem* appointed by the court, against

Félix López Alvarez, to recover eight thousand dollars for damages caused to him as per his claim, thus:

At about half past four of the afternoon of March 18, 1930, and while he was going up Patriota Pozo street of Manatí riding a bicycle, in a north to south direction, on his right hand side, an automobile property of the defendant and driven by his chauffeur Miguel Angel Landrón was coming down the said street, while engaged in business activities. In spite of the fact that the chauffeur observed that there was another car standing on his right hand side, he did not stop but continued at high speed without giving any sort of warning of his proximity, swerving to the right hand side through which the plaintiff was coming up the street, colliding with him and occasioning him several injuries, among them the fracture of a leg which required an operation and kept him three months in the hospital.

It is specifically alleged in the complaint that the plaintiff did all in his control to prevent the accident, and that it was solely due to the negligence of the employee of the defendant in driving the automobile in a rural zone at a rate of speed exceeding 30 kilometers per hour, in not stopping even though he saw before him, on his right, another car parked and saw that the plaintiff was coming up the street in a bicycle, in giving no warning of his proximity, and in violently swerving to his left while coming down the street.

The defendant answered denying generally and specifically each and every fact alleged in the complaint, the issue thus joined, the case went to trial. On the grounds of the evidence introduced by both parties the court found the accident to have been proved and concluded that the only proximate cause was the negligence of the chauffeur of the defendant in not giving any warning of his proximity, when he approached the intersection of both streets and in not reducing his speed upon coming to that place especially when

...J

he had to swerve to his left in order to pass the car that was parked on his right.

The court further held that there was no contributory negligence on the part of the plaintiff and that even though the defendant was not travelling in the automobile at the time of the accident, the vehicle was returning from transacting some business pecuniarily profitable to him, and rendered judgment ordering the defendant to pay the plaintiff one thousand dollars, with costs.

Feeling aggrieved by the judgment, the defendant took this appeal and assigned four errors in his brief that in his opinion had been committed by the lower court in deciding that the proximate and direct cause of the accident had been the negligence of the chauffeur of the defendant, in deciding that there was no contributory negligence on the part of the plaintiff, in holding that at the time of the accident the automobile of the defendant was being used for the benefit of his business or enterprise, and in not relieving the defendant of responsibility according to Section 13, paragraph (a) of the Automobile Law of Puerto Rico, (Session Laws of 1916).

After a careful study of the facts and the law, we are of the opinion that although one may conclude that the chauffeur of the defendant was negligent and that the plaintiff did not contribute with his negligence to the accident, we will have to reverse the judgment appealed from because the owner of the automobile was not travelling in it nor was it shown that at the time of the accident the automobile was part of an enterprise of the defendant or that it was dedicated to a profitable business of the same.

What the evidence shows is that the defendant, a trafficker in tobacco and the owner of a fruit orchard, had two automobiles, a new one which he used with his wife, and an old one, the one in question in the instant case, which he used to take the children to school, for other errands of his home, for business trips and now and then to transport tobacco

and oranges; and that the day of the accident in question, after it was used to take some oranges from the farm to the market, the chauffeur then went to get the children that were coming out from school and while one of them was travelling in the car the accident occurred.

The law and the decisions applicable to the case at bar are very well known. See Sections 1803 and 1804 of the Civil Code, Sections 1802 and 1803 of the 1930 ed., Section 17 of Law No. 75, Session Laws of 1916, p. 154, and among others the cases of *Vélez* v. *Llavina,* 18 P.R.R. 634, *Alicea* v. *Aboy,* 23 P.R.R. 100, *Truyol* v. *West India Oil Co.,* 26 P.R.R. 321, *Candal et al.* v. *Sociedad Española de Auxilio Mutuo,* 37 P.R.R. 811, and *Heirs of Rodríguez* v. *Umpierre,* 44 P.R.R. 160.